UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21108-CIV-ALTONAGA/Torres

**BRIAN ERIC LIMA**,

 Plaintiff,
v.

**COMMISSIONER OF
SOCIAL SECURITY**,

 Defendant.
_____/

## ORDER

 On March 23, 2021, Plaintiff, Brian Eric Lima, filed a Complaint [ECF No. 1] seeking review of Defendant's decision denying him disability benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The matter was referred to Magistrate Judge Edwin G. Torres for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]). Thereafter, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion") [ECF No. 26]; and Defendant, the Commissioner of the Social Security Administration, filed a Cross Motion for Summary Judgment ("Defendant's Motion") [ECF No. 30]. On August 16, 2022, the Magistrate Judge entered his Report and Recommendation ("Report") [ECF No. 32], recommending the Court deny Plaintiff's Motion; grant Defendant's Motion; and affirm the decision of the Administrative Law Judge ("ALJ"). On August 26, 2022, Plaintiff timely filed his Objections [ECF No. 33] to the Report, to which Defendant filed a Response [ECF No. 34]. For the following reasons, the Report is affirmed and adopted.

 When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Given Plaintiff's Objections, the

Court has reviewed the Report *de novo*.

In his analysis, the Magistrate Judge considered the one claim raised by Plaintiff in his effort to reverse the decision of the ALJ: Plaintiff's claim that the ALJ's residual functional capacity ("RFC") determination was unsupported by substantial evidence because the ALJ failed to adequately explain her analysis of Mental Health Specialist, Ricardo Tejerina Ruggeroni's opinion. (*See* Report 3). The Report concludes that Plaintiff's argument is unpersuasive, and that remand should be denied on that basis. (*See id.*).

Plaintiff objects to the Magistrate Judge's finding that:

> Contrary to Plaintiff's claim, the ALJ's rationale for departing from Mr. Ruggeroni's findings did not consist of merely one sentence. A review of the decision reveals that the ALJ allocated multiple paragraphs to her discussion of medical opinions, wherein she cited to several pieces of the medical record and articulated in detail the findings and medical notes that she found to be inconsistent with the opinions of Mr. Ruggeroni's.

(Obj. 2–3; *see also* Report 9–10).

Plaintiff argues that the ALJ's decision was not supported by substantial evidence because the ALJ's summary and "selective" review of the evidence did not satisfy the regulatory requirements that the ALJ discuss the supportability and consistency of Mr. Ruggeroni's opinion. (*See* Obj 1–3). Plaintiff also asserts that the Magistrate Judge engaged in *post-hoc* rationalization of the ALJ's decision. (*See id.* 3). After a review of the Administrative Record [ECF No. 18] and relevant case law, the Court is unpersuaded by Plaintiff's objections.

The ALJ conducted a broad review of the evidence and discussed the supportability and consistency of Mr. Ruggeroni's opinion. Supportability relates to relevance of "the objective medical evidence and supporting explanations presented by a medical source . . . to support his or her" opinion. 20 C.F.R. § 404.1520c(c)(1) (alteration added). Consistency refers to how a medical source is more persuasive the more consistent it is with other "medical sources and

nonmedical sources in the claim[.] 20 C.F.R. § 404.1520c(c)(2) (alteration added). Specifically, the ALJ addresses supportability by discussing how Mr. Ruggeroni's opinion is not consistent with the treatment notes in the evidence, including treatment notes by Mr. Ruggeroni, which is evidence related to the opinion. (*See* Admin. R. 40).[1]

The ALJ addresses the consistency of Mr. Ruggeroni's opinion by discussing the other opinions and medical evidence in the record and pointing out how they are inconsistent with Mr. Ruggeroni's opinion. (*See id.* 38–40). As such, the ALJ did an appropriate review of Mr. Ruggeroni's opinion and found it unpersuasive. *See Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019) ("Other than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness.") (citations omitted).

The ALJ's review of the record, including a review of Mr. Ruggeroni's opinion, the opinions of multiple State medical consultants, and the Plaintiff's medical record and history, provides substantial evidence for the ALJ's RFC determination. (*See* Admin. R. 38–40, 83–84, 129). In making that determination, "[w]e do not require the ALJ to specifically refer to every piece of evidence in his decision, so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole." *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)) (alteration added, quotation marks omitted).

Finally, Plaintiff's claim that the Magistrate Judge engaged in *post-hoc* rationalization is mistaken. The Magistrate Judge followed proper procedure and precedent in his Report. "The grounds upon which an administrative order must be judged are those upon which the record

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Case No. 21-21108-CIV-ALTONAGA/Torres

discloses that its action was based." *SEC v. Chenery Corp.*, 318 U.S. 80, 82 (1943). Under 42 U.S.C. section 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g) (alteration added). As such, in reviewing an agency's decision, the "district court must review the agency's decision and determine whether its conclusion, as a whole, was supported by substantial evidence in the record." *Dyer*, 395 F.3d at 1210 (citations omitted). As such, the Magistrate Judge's *de novo* review of the ALJ's decision in conjunction with a review of the record was not *post-hoc* rationalization. (*See generally* Report).

In short, the undersigned fully agrees with the analysis and recommendations in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation **[ECF No. 32]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 26]** is **DENIED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 30]** is **GRANTED**.

3. Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 9th day of September, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Edwin G. Torres
      counsel of record